# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| NATOYA ROBINSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-07387 |
| PHH MORTGAGE CORPORATION, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff NATOYA ROBINSON ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of PHH MORTGAGE CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 et seq. for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

1

**PARTIES**

4.    Plaintiff is a consumer over 18-years-of-age residing in Will County, Illinois, which is located within the Northern District of Illinois.

5.    Defendant provides mortgage services and "offers a wide variety of loan options, including conventional, VA, FHA, and Jumbo."[1] Defendant is a corporation organized under the laws of the State of New Jersey, with its principal place of business located at 1 Mortgage Way, Mount Laurel, New Jersey 08054.  Defendant's registered agent is Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.  Defendant regularly collects from consumers residing in the State of Illinois.

6.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.    Several years ago, Plaintiff executed a home mortgage loan through Ocwen Financial Corporation ("Ocwen").

8.    Plaintiff subsequently experienced financial hardship, causing her to fall behind on her monthly obligations to Ocwen, thus incurring debt ("subject debt").

9.    While the subject debt was still delinquent, Ocwen transferred the servicing rights to the subject debt to Defendant.

10.   In late 2019, Plaintiff's home was falling into foreclosure, so Plaintiff retained an attorney to assist her with her legal options.

---

[1] https://www.phhmortgage.com/about-us/who-we-are

11. During this time, Plaintiff began receiving a number of collection calls to her cellular phone, (630) XXX-2218, from Defendant, who was seeking to collect upon the debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2218. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. For instance, on or about December 4, 2020, Plaintiff, who is employed as a truck driver, received a call from Defendant that she was unable to answer, as she was backing up a trailer.

14. Yet, Defendant persisted with its collection efforts and placed another call to Plaintiff's cellular phone a mere two minutes later.

15. Upon speaking with Defendant's representative, Plaintiff was notified that Defendant was a debt collector seeking to collect upon the subject debt, and that Plaintiff needed to address the debt immediately.

16. Plaintiff asked Defendant's representative why Defendant was reaching out to her directly, when she had already hired an attorney who was assisting her with the subject debt and foreclosure proceedings.

17. In response, Defendant's representative inappropriately asked Plaintiff if her attorney resides with her.

18. Plaintiff was taken aback and confused by Defendant's statement, and notified Defendant's representative that she did not want to speak with Defendant unless her attorney was on the line.

19. Appallingly, Defendant's representative retorted, "FORECLOSURE," and ended the phone call.

20. Defendant has mainly contacted Plaintiff using the phone number (866) 946-0081, however, upon belief, Defendant has used other phone numbers well.

21. Upon information and belief, the aforementioned phone number ending in -0081 is regularly utilized by Defendant during its debt collection activities.

22. Frustrated over Defendant's harassing conduct, Plaintiff was forced to retain additional counsel, and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

23. Plaintiff has also become worried that her legal representation regarding the subject debt has no effect, as Defendant could bypass communicating with Plaintiff's attorney and instead, continue its efforts to collect from Plaintiff directly.

24. Plaintiff has been unfairly treated and harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, stress, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, and increased usage of her telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant further qualifies as a "debt collector," as it acquired the servicing rights to the subject debt when the subject debt was already in default.

4

30. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. The subject debt was in default at the time Defendant acquired the rights to collect upon the same.

### a. Violations of the FDCPA, §1692c

33. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(1), prohibits a debt collector from communicating with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."

34. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), further prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney…"

35. Defendant violated 15 U.S.C. §1692c(a)(1) through its persistent phone calls to Plaintiff's cellular phone while she was at work. Defendant was aware that Plaintiff was employed as a truck driver and that she could not answer phone calls during work hours. Yet, Defendant placed two calls within a two minute timeframe, in an effort to harass Plaintiff into submission.

36. Defendant further violated 15 U.S.C. §1692c(a)(2) when it attempted to collect upon the subject debt by communicating directly with Plaintiff, despite knowing that Plaintiff was represented by an attorney with regard to the subject debt.

37. By intentionally bypassing Plaintiff's attorney and directly communicating with Plaintiff, Defendant attempted to take advantage of Plaintiff's confusion and ultimately force her to make a payment on a debt that is already subject to litigation.

**b. Violations of the FDCPA, §1692d**

38. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

39. In addition, this section enumerates specific violations, such as:

> (2) Forbidding "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader." 15 U.S.C. § 1692d(2).

> (5) "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

40. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct of berating and mocking Plaintiff during its collection campaign. Any reasonable fact will conclude that Defendant's actions were harassing and abusive as Defendant ridiculed and needlessly embarrassed Plaintiff when it attempted to collect upon the subject debt, including Defendant's representative stating, "FORECLOSURE," and hanging up the call.

41. Defendant further violated §1692c(a)(1), d, and d(5) when it placed repeated phone calls to Plaintiff's cellular phone with the hopes that the sustained pressure would cause Plaintiff to succumb to Defendant's efforts and remit payment. This repeated behavior of systematically calling Plaintiff's cellular phone, in spite of her demands, was harassing and abusive. The

frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

42. Defendant was notified by Plaintiff that its calls were not welcomed and that she was feeling harassed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### c. Violations of FDCPA, § 1692e

43. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

44. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

45. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant implicitly represented that it could harass and oppress Plaintiff when it mocked and berated her. This type of behavior is explicitly prohibited by the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

46. Defendant violated §1692e and e(10) when it communicated directly with Plaintiff despite having knowledge that Plaintiff was represented by an attorney. Defendant engaged in this deceptive behavior with the hopes of taking advantage of Plaintiff without her attorney present.

### d. Violations of FDCPA, § 1692f

47. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

48. Defendant violated §1692f when they unfairly and unconscionably attempted to collect on a debt by continuing to subject Plaintiff to its collection efforts, despite having knowledge that Plaintiff was a represented party with regard to the subject debt. Defendant engaged in this unfair behavior in an effort to take advantage of Plaintiff's confusion and coerce her into making payment without communicating with her attorney.

49. Defendant further violated §1692f by ridiculing Plaintiff during its debt collection campaign, as this act was designed to place undue pressure on Plaintiff to make a payment.

50. As pled in paragraphs 22 through 25, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff NATOYA ROBINSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.


DATED this 14th day of December, 2020.          Respectfully Submitted,


                                        /s/ Taxiarchis Hatzidimitriadis
                                        Taxiarchis Hatzidimitriadis #6319225
                                        David S. Klain #0066305
                                        CONSUMER LAW PARTNERS, LLC
                                        333 N. Michigan Ave., Suite 1300

Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Natoya Robinson*